McMillan was, and ever since has been, a non-resident of Tennessee, and has not been in that state since June, 1866." This is the only proof in the case for the defendant. It is agreed that the statute of Tennessee in force when the proceedings in that state took place, contains a provision by which delivery bonds, such as the one signed by the defendant, are required "to be returned into court and constitute part of the record." Code, § 3513. Also the provision that the "court may enter up judgment on the bond against the defendant and his sureties, in the event of a recovery by the plaintiff." Id. § 3514. Also the provision that "all bonds * * * taken in the progress of a cause form part of the record, and judgment may be rendered thereon, to the extent of the respective liabilities of the parties, upon motion, without scire facias or notice." Id. § 3109.

Barker & Sommerfield, for plaintiffs.
Hutchings & Bretherton, for defendant.

DILLON, Circuit Judge. There must be judgment for the plaintiffs. The stipulation as to the non-residence of the defendant, which is his only proof, does not overcome the record entry to the effect that after a joint judgment had been entered against Fessenden & Co. and McMillan, that "the defendants" prayed an appeal, on which appeal the judgment against McMillan was reversed. The appellate court regarded the present defendant as being before it on that appeal, and reversed the judgment against him. But, without resting my judgment upon this view, I am of opinion that, under the laws of Tennessee, the judgment against the defendant as surety on the delivery bond was authorized, and is not, as defendant's counsel contends, void for want of notice. Property had been attached and was in the custody of the court. The defendant signed a bond to release the property, and conditioned that he would be liable for any debt the plaintiffs might recover, unless the property released should be re-delivered to the sheriff when ordered by the court. The bond takes the place of the property for which it is substituted, and the statute requires it to be returned and filed in court. By the statute in force at the time the defendant signed the bond, it was provided that the bond should constitute part of the record, and that judgment might be entered thereon against the principal and surety, in the event of a recovery against the principal, without scire facias or notice.

The defendant, therefore, by the execution of the bond in the course of a pending cause, connected his fortunes with the fortunes of his principal, so far, at least, as to authorize the court to enter judgment against them thereon. By the execution of the bond under the statute, the defendant places himself in court, and agrees that judgment may be entered against him, without further process,

if judgment is entered against the principal obligors. It is obvious that such is the view taken of the statute by the supreme court of the state, since that court directed the entry of the very judgment which is the basis of the present action. Under the constitution and legislation of congress, that judgment is entitled to the same faith and credit that are due to it in the state from which it came.

Our conclusion is well sustained by authority. Pratt v. Donovan, 10 Wis. 378; McRae v. Mattoon, 13 Pick. 53; Bigelow, Estop. 226, and cases cited. And, under the statutory provisions of the state of Tennessee, the conclusion reached can, perhaps, be reconciled with cases which, as respects the right of special bail to notice, differ from those above referred to. Robinson v. Ward's Ex'rs, 8 Johns. 86; Holt v. Alloway, 2 Blackf. 108. Judgment for the plaintiffs.

KUHN (UNITED STATES v.). See Case No. 15,545.

KUHNS (DIKE v.). See Case No. 3,907.

## Case No. 7,946.

### KU KLUX TRIALS.

[See Cases Nos. 14,893 and 15,790.]

KUKUK (BRONSON v.). See Case No. 1,929.

KUNKALL v. DEANES. See Case No. 12,-559.

## Case No. 7,947.

### KURSHEEDT v. WERNER.

[12 Blatchf. 530; 2 Ban. &A. 81; 8 O. G. 146.][1]

Circuit Court, S. D. New York. June 4, 1875.

PATENTS—"IMPROVEMENTS IN FLUTING MACHINES."

1. The claim of reissued letters patent granted to George E. King, June 23d, 1868, for an "improvement in fluting machines," the original letters patent having been granted to him, as inventor, February 26th, 1867, namely, "The guide E, constructed with one or more curved or arched portions, a', in combination with suitable fluting rollers, substantially as set forth, for the purpose specified," defined.

2. Although the specification describes the guide E as being composed of two pieces of metal, one over the other, at such a distance apart as to permit the passage of the fabric between them, and although, at the arched part of the guide, both pieces of metal are arched, and the part of the fabric which is to be crinkled passes between such arched parts, while the other parts of the fabric pass between the two pieces of metal of the guide, although not between the arched portions, yet the fact, that the part of the fabric which is not to be crinkled passes between two pieces of metal, is immaterial to the invention claimed, and the fact that the part of the fabric which is to be crinkled has, at the time it passes over the arched

[1] [Reported by Hon. Samuel Blatchford, District Judge, reprinted in 2 Ban. & A. 81, and here republished by permission.]